ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ADIE HOLTON, | } |
| Plaintiff, | } Case No. |
| vs. | } |
| MICHAEL LESLIE and GREG SOLES, individually and in their official capacities and THE CITY OF PEARSON, | } |
| Defendants. | } |

CV598 - 88

## COMPLAINT

Comes now the Plaintiff above named and shows to the Court the following:

### JURISDICTION

1.

The jurisdiction of this Court is pursuant to 28 U.S.C. Section 1343 and pursues rights established under 42 U.S.C. Section 1983, along with the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States along with the authority of this Court to assume pendent jurisdiction over claims arising under the laws and the Constitution of the State of Georgia.

### VENUE

2.

All of the acts of the Defendants which have caused this action occurred within the Southern Judicial District of Georgia, and all of the Defendants are residents of or operate in the Southern Judicial District of Georgia.

## PARTIES

3.

The Plaintiff herein is a citizen of the United States and the State of Georgia, and is a resident of the Middle District of Georgia.

4.

That all the acts alleged herein were committed within the Southern District of Georgia, and all of the individual Defendants are residents of the Southern District of Georgia.

5.

That the City of Pearson is a municipal corporate entity organized and existing under the laws of the State of Georgia, with authority to sue and be sued, and is located in Atkinson County, State of Georgia.

6.

That the Defendants, Michael Leslie and Greg Soles are residents of the Southern District of Georgia.

## STATEMENT OF FACTS

7.

The Plaintiff, Adie Holton, was and is a resident of Houston County, Georgia at all times concerned by this Complaint.

8.

On Saturday, December 7, 1996, James McDonald borrowed the Plaintiff's car to go shopping. James McDonald did not return the car to the Plaintiff.

9.

On Friday, December 20, 1996, Plaintiff received a letter at his address in Houston

County, Georgia from Ken's Minit Market in Douglas, Georgia. The letter stated that Plaintiff's car had been there for three days and directed that the car be moved.

10.

Plaintiff and his brother, Roy Holton, drove to Douglas to pick up Plaintiff's car. When they arrived at Ken's Minit Market and looked in the trunk, Plaintiff discovered that his tools were missing. Plaintiff called the police from a payphone at Ken's Minit Market.

11.

When the police arrived the Plaintiff and Roy Holton were searched and placed in a sheriff's car in Coffee County, Georgia. They were transported to the Coffee - Atkinson County line. A Pearson police officer arrested the plaintiff and Roy Holton and transported them to the jail in Atkinson County.

12.

Defendant, Michael Leslie advised Plaintiff and Roy Holton that they were under arrest for Aggravated Assault. The arrest was on Friday, December 20, 1996, at 11:45 p.m.

13.

The plaintiff and Roy Holton stated clearly and repeatedly to Michael Leslie that they did not commit the offense but Michael Leslie ignored the statements of the Plaintiff and Roy Holton and refused to listen to them.

14.

On Monday, December 23, 1996, at approximately 11:00 a.m. the Plaintiff and Roy Holton were released from jail. There were no warrants issued for the arrest of Plaintiff or Roy Holton either prior to their arrest or after they were jailed. No criminal charges were ever filed against Plaintiff.

15.

Upon information and belief the Plaintiff understands that the Defendant, Michael Leslie, has engaged in similar conduct in other instances, arresting citizens without a warrant, without probable cause, and wrongfully detaining and using similar conduct in the name of enforcing the law, such that defendant, Greg Soles, who was serving as Chief of Police of the City of Pearson at the time of the facts alleged herein, and the Mayor and councilmen of the City of Pearson, Georgia, either were aware or should have been aware of the unlawful conduct, such that Police Chief Greg Soles and the City of Pearson are liable for the acts of the defendant, Michael Leslie.

16.

As a result of the Defendants' acts, the denial of his civil rights, and the tortious conduct of the Defendants, the Plaintiff suffered great pain of body and mind.

17.

As a direct and proximate cause of the false arrest, the wrongful detention and the denial of medical attention to Plaintiff by Michael Leslie, Plaintiff suffered great pain of mind and body and denial of Constitutional Rights guaranteed by the United States Constitution.

18.

Plaintiff had not committed any criminal offense to warrant his arrest and detention for over a 72 hours detention without being taken before a magistrate.

19.

Defendant, Michael Leslie's actions in making a warrantless arrest and detaining Plaintiff over 72 hours without being taken before a magistrate constituted false arrest, false imprisonment, wrongful detention and intentional infliction of emotional distress.

20.

Defendant, Michael Leslie was a police officer wearing an official badge of the City of Pearson and a gun, and was acting under the color of law as a police officer of the City of Pearson at the time of the acts alleged herein.

## **COUNT ONE**

1.

The allegations of Plaintiff in paragraph one (1) through twenty (20) of this complaint are hereby incorporated into Count one of the complaint by reference, as if each and every paragraph was set out herein.

2.

The actions of the Defendants in arresting and detaining Plaintiff constituted an illegal seizure of the person of the Plaintiff in violation of the Fourth Amendment of the Constitution of the United States.

3.

The seizure of the person of the Plaintiff was without a warrant and without probable cause, and was under color of law, and constituted a violation of due process.

4.

The arrest and detention of the person of the Plaintiff amounts to false imprisonment, false arrest, wrongful detention, and a denial of medical treatment and neither was warranted by the facts of this case.

5.

Because of the actions of the Defendant City of Pearson, Georgia, as described above, through the agency of its authorized police officers, Plaintiff has been subjected to deprivation

by the Defendants, under the color of law, and of the customs and usages of the City of Pearson, of rights, privileges, and immunities secured to him by the Constitution and laws of the United States, and particularly his rights to security of person and freedom from arrest, except upon probable cause, guaranteed by the Fourth Amendment to said Constitution, his right to be informed of the true nature and cause of the accusation against him, guaranteed by the Sixth Amendment to said Constitution, and his right not to be deprived of liberty without due process of law, guaranteed by the Fifth and Fourteenth Amendments to said Constitution, and his right to the equal protection of the law guaranteed under the Fourteenth Amendment of said Constitution.

6.

The arrest and detention of the person of the Plaintiff was a violation of Plaintiff's rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and to equal protection of the laws.

7.

The denial of the Plaintiff's civil rights as alleged herein are actionable under the provisions of 42 U.S.C. Section 1983, and the Plaintiff is entitled to damages for the Defendants' violation of these civil rights as alleged herein.

8.

The conduct or inaction of the individually named Defendants was performed knowingly, intentionally, and maliciously by reason of which Plaintiff is entitled to an award of punitive damages.

## COUNT TWO

1.

The allegations of paragraph one (1) through twenty (20) and Count One paragraph one (1) through eight (8) are hereby incorporated into Count Two of the Complaint by reference, as if each and every paragraph were set out herein.

2.

The arrest and detention of the Plaintiff by defendant, Michael Leslie constitutes false arrest, false imprisonment, wrongful detention, and intentional infliction of emotional distress under the provision of state law, and the Plaintiff herein is entitled to recover damages therefor.

3.

The Plaintiff was denied medical treatment and medication for his injured leg while incarcerated.

4.

The actions of the Defendants as herein alleged humiliated, embarrassed and frightened the Plaintiff.

5.

The written notice required by Official Code of Georgia Section 36-33-5, applicable to actions against a municipality, has been given to the City of Pearson.

## DAMAGES

6.

Plaintiff shows to the Court he has suffered compensatory damages as a result of the actions of defendant's herein, and will establish a monetary amount to be proven upon trial of the case.

7.

Plaintiff has suffered general damages in the form of suffering due to the loss of freedom,

the denial of movement, medical treatment for his injured leg and in the nature of humiliation from being jailed, and the continued fear of being arrested at any moment.

8.

Plaintiff has been required to retain attorneys to represent him as a result of the deprivation of his constitutional and civil rights, and is entitled to be awarded reasonable attorney's fees for pursuing this action as provided by law.

9.

The conduct or inaction of the individually named Defendants was performed knowingly intentionally and maliciously by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severally, compensatory damages in an amount which will fully compensate him and further demands judgment against each of said Defendants (except the City of Pearson) jointly and severally for punitive damages in an amount which will deter Defendants from engaging in similar actions in the future, reasonable attorney fees, trial by jury, the costs of this action, and such other relief as this Court claims just and equitable.

_____
Verna L. Smith
Attorney for Plaintiff
State Bar No. 663910

**McLENDON and SMITH**
P.O. Box 2003
Dublin, GA 31040
(912) 275-4620